FILED

2005 JUN 10 PM 6: 39

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ZAHURANEC, JERRY DONOVAN, and RICH SCHULTZ, | ) ) ) | Case No.:  1:05CV1588 |
| | ) | Judge Ann Aldrich |
| Plaintiffs, | ) ) | Magistrate Judge Vecchiarelli |
| v. | ) ) ) | |
| INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENTATION WORKERS OF AMERICA, INTERNATIONAL U.A.W. EXECUTIVE BOARD, NICE PARENTE, INTERNATIONAL U.A.W. REP., JOHN DOE #1, INTERNATIONAL U.A.W. REP., U.A.W. LOCAL 2000, TIM DONOVAN, UAW LOCAL 2000 PRESIDENT, and JOHN DOE #2, ACTING PRESIDENT UAW LOCAL 2000, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | MEMORANDUM ORDER |

The defendants are the International Union of United Automobile, Aerospace and Agricultural Implementation Workers of America ("UAW"), the UAW's International Executive Board ("the Executive Board"), UAW Local 2000 ("the Local"), and officials of the UAW and the Local. The Local consists of employees at Ford Motor Company's Avon Lake, Ohio assembly plant and is divided into two units. Unit 1 is governed by a traditional operating agreement, and unit 2 is governed by a modern operating agreement, which provides higher wages and more favorable conditions than the unit 1 agreement. Plaintiffs Anthony Zahuranec, Jerry Donovan and Rich Schultz (collectively "Zahuranec") are members of unit 2.

The following facts and contractual provisions are thus far undisputed:

(1)   Under Article 10, Sections 3(G) and 4(A) of the Local's constitution and by-laws, each unit is entitled to bargaining representative (a chairperson, bargaining

committeepersons, and district committeepersons) in an election where the only candidates are members of that unit and the only voters are members of that unit. In other words, a separate internal election is held for each of the two units.

(2) Nonetheless, on March 13, 2005 international UAW representative Nick Parente directed Local representative Tim Donovan to conduct an election wherein members of both units would elect one chairperson and one slate of committeepersons to represent the members of both units. Parente also told Donovan to change any provision of the Local constitution that would prohibit such an election.

(3) Article 14 of the Local constitution provides that the Local constitution may not be amended unless the following steps are taken: the proposed amendment must be read and presented at a regular membership meeting; the Local's members must be notified of the proposed amendment seven days in advance of such meeting; the proposed amendment must be referred to the Local's by-laws committee, which must report a recommendation at the next regular membership meeting; and the amendment cannot take effect unless two-thirds of the Local's members vote for it. The UAW did not take these steps and so never properly adopted any amendment allowing a combined unit 1 / unit 2 election.

(4) Nonetheless, on May 5, 2005 the combined unit 1 / unit 2 election took place.

(5) The chairperson and other bargaining representatives elected in the May 5, 2005 election are scheduled to be sworn in on Sunday, June 12, 2005.

Zahuranec brings this action under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which has been construed to permit union members to sue their union for allegedly breaching the constitution and bylaws of the union or its Local affiliates, and which confers district court jurisdiction over such suits. Zahuranec also invokes section 101 of the Labor Management Reporting and Disclosure Act ("LMRDA"), which provides, in pertinent part, "Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization ... subject to reasonable rules and regulations in such organizations's constitution and bylaws." 29 U.S.C. § 411(a)(1). Among other forms of relief, Zahuranec seeks an order temporarily restraining the investiture of the bargaining representatives elected at the May 5, 2005 combined unit election.

The UAW contends that this court lacks subject matter jurisdiction. The UAW relies on Title IV, section three of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 483. First, the preceding section of LMRDA's Title IV provides, in pertinent part,

> A member of a labor organization –
>
> (1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or
> (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,
>
> may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title [29 U.S.C. § 481] (including violation of the constitution and bylaws of the labor organization *pertaining to the election and removal of officers*).

29 U.S.C. § 482(a) (emphasis added). Title 29 U.S.C. § 483 then provides:

> No labor organization shall be required by law to conduct *elections of officers* with greater frequency or in a different form or manner than is required by its own constitution or bylaws, except as otherwise provided by this subchapter. Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. *The remedy provided by this subchapter shall be exclusive.*

Emphasis added.

The current record, however, does not permit this court to make a reasoned determination as to whether section 483's exclusive remedy provision applies here. By its terms, Title IV of the LMRDA, including section 483's exclusive remedy provision, applies only to challenges to the election of "officers." The LMRDA defines officer as "any constitutional officer, any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body." 29 U.S.C. § 402(n). The representatives chosen at the disputed May 5 election are not the president, vice president, secretary, treasurer, or executive board members of the Local, so they are not "officers" unless they are authorized to perform "other executive functions of [the]

labor organization." An evidentiary hearing is required before this court can resolve this critical factual question.[1]

Unable to conclude at this juncture that the court lacks jurisdiction, the court considers the merits of Zahuranec's claims. At oral argument today, UAW's counsel did not attempt to deny any of the factual allegations or legal conclusions advanced on the merits of Zahuranec's claims. If this court ultimately has jurisdiction, Zahuranec is very likely to succeed on the merits of his claims. Moreover, Zahuranec and the other 800-plus members of unit 2 will be irreparably harmed if their representatives are replaced by representatives who were elected in violation of the procedures and rights spelled out in the Local's constitution. Conversely, there is no reason to believe that granting the temporary restraint sought by Zahuranec will disrupt the operation of the UAW or Local 2000. Specifically, unit 1's members will not be prejudiced by the continuation in office of unit 2's properly elected representatives. Lastly, it is manifestly in the public interest to restrain the investiture of "representatives" who won office in an election held in violation of the Local members' fundamental democratic rights. The working men and women of unit 2 should not be deprived of their duly elected representatives unless a fuller record establishes either that the court lacks jurisdiction or that the combined unit election was consonant with their Local's constitution.

---

[1] It appears that our Court of Appeals has never cited 29 U.S.C. § 402(n), the provision that defines officer. Rather, our Circuit has interpreted only 29 U.S.C. § 402(q)'s definition of "officers, agents, shop stewards, or other representatives," which may provide little or no guidance in interpreting "officer." *See McCabe v. IBEW Local 1377*, 415 F.2d 92 (6th Cir. 1969).

Only two district court decisions in our circuit have interpreted section 402(n)'s definition of officer, and neither sheds light on whether the unit 2 representatives are officers. *See Brock v. UAW*, 682 F. Supp. 1415, 1431 (E.D. Mich. 1988) ("While it could be true that delegates [to a convention] are 'officials] of a local in some sense, they are not officers under the LMRDA.") (citation omitted), *vac'd o.g.*, 889 F.2d 685 (6th Cir. 1989); *Teas v. IBT Local 413*, 504 F. Supp. 12, 14 (S.D. Ohio 1978) (president of Local was an officer).

Although Federal Rule of Civil Procedure 65(c) might seem to require the movant to post bond to secure preliminary injunctive relief, our Circuit recognizes the court's discretion not to require security. *See Moltan Co. v. Eagle-Picher Indus.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (citations omitted). Because this temporary restraint will cause no discernible monetary damage to the defendants, the plaintiffs need not post security. *See, e.g., Fehribach v. City of Troy*, 321 F. Supp. 2d 727, 734 (E.D. Mich. 2004) (because plaintiff was very likely to succeed and defendant suffered no loss or damage as a result of preliminary injunction, court waived bond requirement).

**ORDER**

The plaintiffs' application for a temporary restraining order [doc. no. 3] is granted.

UAW Local 2000 unit 2 shall continue to be represented by chairman Ken Kruse; bargaining committeepersons Fred Pena, Ed Baire and Gary Cooper; Skilled Trades committeeperson Randy Adkins; and district committeepersons Mike Piscione and Dave Candelario.[2] The representatives elected at the Local 2000 combined unit 1 / unit 2 election held on May 5, 2005 shall not be sworn in or assume the functions, rights and powers of the positions voted on at that election.

The defendants and their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with them who receive actual notice of this order (by personal service

---

[2] At oral argument today, counsel for the UAW asserted that "there is no *status quo* to be preserved" by a TRO. Counsel seemed to mean that the terms of the unit 2 representatives who were elected in accordance with the Local's constitution have come to an end, leaving them without authority to continue serving. If that is so, however, it is only because the UAW admittedly conducted a combined unit 1 / unit 2 election, in violation of the Local's constitution, instead of separate elections for each unit. After apparently breaching the Local constitution's unit election provision, the UAW cannot now be heard to complain that unit 2 lacks any representatives elected in the manner called for by that very constitution.

or otherwise) are enjoined from taking or counseling action having the purpose or effect of altering this situation.

This restraint shall last for ten days, i.e., through and including Friday, June 24, 2005.[3]

The court has discretion to extend this temporary restraint, on good cause shown, for an additional period of up to ten days. *See Hudson v. Barr*, 3 F.3d 970, 974 (6th Cir. 1993) (quoting Fed. R. Civ. P. 65(b)).

The plaintiffs need not post security.

An evidentiary hearing will be held on Monday, June 20, 2005 at 10:00 a.m. on the issue of whether the combined unit 1 / unit 2 representatives elected on May 5, 2005 are "officers" within the meaning of 29 U.S.C. § 402(n). No later than Thursday, June 16, 2005 the parties shall file briefs on said issue, as well as a list of the witnesses they intend to call at the June 20 hearing.

IT IS SO ORDERED.

This is not a final and appealable order. *See Kayrouz v. Ashcroft*, No. 03-5372, 115 Fed. Appx. 783, 785, 2004 WL 2320341, at *1 (6th Cir. Sep. 22, 2004) (citing *OPM v. AFGE*, 473 U.S. 1301, 1303-1305 (1985)); *accord In re Lorillard Tobacco Co.*, 370 F.3d 982, 987 n.9 (9th Cir. 2004).

/s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2005

---

[3] *See* Fed. R. Civ. P. 65(b) ("Every temporary restraining order ... shall expire by its terms, within such time after entry, not to exceed 10 days, as the court fixes"); Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").